IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 21 1999

JAMES W. McCORMACK, CLERK
By:_____
DEPT. CLERK

GREGORY ADDISON AND
SANDRA ADDISON                                             PLAINTIFFS

VS.                        CIVIL ACTION NO. 99-
                           LR-C- 9 9 - 4 3 6

A.P.I OUTDOORS,
INCORPORATED                                               DEFENDANT

JURY TRIAL DEMANDED

**COMPLAINT**

This case assigned to District Judge Moody
and to Magistrate Judge Young

**NOW COMES** Gregory Addison and Sandra Addison, by and through their legal counsel, Boswell, Tucker & Brewster, complaining of A.P.I. Outdoors, Incorporated, hereinafter referred to as Defendant, and for their cause of action would respectfully show the Court and jury the following:

**JURISDICTION AND VENUE**

1. The United States District Court for the Eastern District of Arkansas has jurisdiction of this cause of action pursuant to 28 U.S.C. §1332 as the Plaintiffs are residents of the State of Arkansas and the Defendant is a corporation incorporated and existing under the laws of the State of Louisiana and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. The venue for this cause of action is the Western Division as the Plaintiffs are residents of Prairie County, Arkansas and the incident causing the Plaintiffs' injuries occurred in Prairie County, Arkansas.

1



DOCUMENT NUMBER
/
JAMES W. McCORMACK
CLERK OF COURT

**PARTIES**

3. The Plaintiffs are husband and wife and are citizens of the State of Arkansas and reside at Route 1, Box 144A, Hazen, Arkansas 72064 at the time of this occurrence and at all times relevant to this cause of action.

4. The Defendant is a corporation foreign to the State of Arkansas being duly organized and incorporated under the laws of the State of Louisiana for the purpose of manufacturing and distributing tree climbing stands such as was described in this occurrence and did, in fact, manufacture, distribute and sell the "Grand Slam" tree climber involved in this litigation.

5. The Defendant's registered agent for service is Mr. Paul H. Meeks, 604 Kimbrough, Tallulah, Louisiana 71282.

**FACTUAL BACKGROUND AND ALLEGATIONS
COMMON TO ALL COUNTS**

6. This is a products liability cause of action which arises from design, manufacturing and marketing defects of a tree climber in the "Grand Slam" series of tree climbers designed, manufactured and marketed by the Defendant. At all times mentioned herein, the Defendant was engaged in the business of designing, manufacturing, and marketing tree climbers to the general public.

Plaintiff Gregory Addison is an avid sportsman whose specialty is bow hunting for deer. Plaintiff Gregory Addison called the Defendant's toll-free number and ordered one of the Defendant's "Grand Slam" series tree climber in the fall of 1997. The Defendant delivered their tree climber to Addison in time for bow hunting season in the fall of 1997. Addison used the tree climber as instructed numerous times in the hunting season of 1997 and 1998. Addison used the Defendant's

tree climber without substantial change in the condition or design.

Addison and two hunting companions went to a local game reserve to bow hunt for deer on the afternoon of January 16, 1999. Addison used the defendant's tree climber to ascend a tree to begin bow hunting. Addison left his bow hunting equipment on the ground since he used a rope to pull up his equipment after he climbed to a height from which he could bow hunt. When Addison was approximately twenty-five feet from the ground, a link broke in the chain holding the tree climber which caused Addison and the top portion of the tree climber to plummet to the ground. Addison landed on top of the tree climber and was severely injured in the fall. The Plaintiffs allege the factual matters described in the foregoing paragraphs for all Counts of this Complaint.

## COUNT I: NEGLIGENCE

7. Gregory Addison was injured because the Defendant designed, manufactured and placed into the stream of commerce a series of tree climbers known as "Grand Slam" (hereinafter referred to as "product"), which reached Addison in the same or substantially the same condition in which it was sold. Upon purchase by Addison the product in question was represented to be safe and free from latent defects. The Defendant owed the Plaintiffs the duty of reasonable care when it designed, manufactured, and marketed the product in question. The Defendant violated its duty and was negligent in the particulars set forth below. The Defendant was guilty of negligence, which negligence consists of, but is not limited to, the following:

   a. The tree climber manufactured by the Defendant was defective;

   b. Their tree climber was not designed, manufactured and supplied in a safe condition and, therefore, was defective;

   c. Defendant failed to use ordinary care in the design and in the selection of the materials used

3

in the manufacture of the defective chain and failed to properly inspect the chain and failed to test the chain and failed to protect Gregory Addison from the unreasonable risk of harm;

d. Defendant failed to use the ordinary degree of skill and care ordinarily possessed and used by a manufacturer of a tree climber such as was involved in this occurrence;

e. Defendant failed to reasonably and adequately warn the Plaintiff of dangers inherently or reasonably foreseeable in the use of the drilling machine;

f. Defendant was otherwise guilty of negligence.

Plaintiff Gregory Addison was unaware of the aforesaid defects in the tree-climber which make it unsafe for its intended use and unreasonably dangerous to the intended user. As a result of the foregoing defects, Gregory Addison suffered severe injuries which will hereinafter be more fully described.

8. These acts of negligence were the proximate cause of the injuries and damages sustained by the Plaintiffs.

## COUNT II: STRICT LIABILITY

9. Defendant is liable to Plaintiffs for designing, manufacturing, assembling and placing into the stream of commerce the tree climber which was unreasonably dangerous for its reasonably foreseeable uses because it was in a defective condition which rendered it unreasonably dangerous and that the defective was a proximate cause of the Plaintiffs' injuries and damages pursuant to Arkansas Code Annotated §§16-116-102 and 4-86-102.

## COUNT III: FAILURE TO WARN-MARKETING NEGLIGENCE

10. The product in question was defectively marketed by defendant manufacturer with respect to its failure to warn or adequately warn or instruct in the safe use of the product and such defect was

4

a proximate cause of the injuries and damages suffered by the Plaintiffs.

### COUNT IV:  GROSS NEGLIGENCE

11. Further, each of the above and foregoing acts or omissions of the defendant were more than momentary thoughtlessness, inadvertence, or error of judgment. Such acts or omissions constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights, welfare, or safety of Plaintiff Gregory Addison and persons affected by their product, and as such constitute gross negligence. The Plaintiffs are entitled to recover judgment against the Defendant for exemplary damages for such gross negligence, heedless, and reckless disregard of the Plaintiffs' rights. This gross negligence was a proximate cause of the Plaintiffs' injuries and damages.

12. The Plaintiffs allege the factual matters described in the foregoing paragraphs as part of each of the foregoing seven counts.

### DAMAGES

13. As a direct result of the incident described above, Gregory Addison suffered severe personal injuries, including an unstable burst fracture at the L2 level which caused bone fragments to enter the spinal canal, thigh numbness, which led to incomplete paraplegia with neurologic involvement due to the burst fracture at LP 3 and severe spinal headaches. Surgeons Dr. Richard Peek and Dr. Scott Schlessinger performed a decompressive laminectomy and transpedicular vertebrectomy on January 20, 1999 at the Baptist Medical Center. The surgeons had to install pedicle screws to stabilize Gregory Addison's spine during this operation.

Some of these injuries are, in reasonable probability, permanent in nature. The plaintiff has suffered great physical pain and mental anguish due to such injuries in the past, and in reasonable

probability will continue to suffer physical pain and mental anguish in the future.

14. As a result of these injuries, Gregory Addison has been physically impaired and disfigured and will continue to be so impaired and disfigured in the future.

15. As a result of the injuries described above, Gregory Addison has incurred medical expenses and in reasonable probability will continue to incur such expenses in the future.

16. Gregory Addison was employed by Riceland Foods, Inc. of Stuttgart. Addison was unable to work from January 18, 1999 through March 15, 1999 due to the injuries he sustained. Addison lost $3,510.40 in lost wages as a result of the injuries described above and will lose further wages for consultations with his physicians.

17. Sandra Addison is the wife of Gregory Addison. Sandra Addison asks for damages by reason of the loss of consortium of her husband as a result of his injuries and damages sustained in this occurrence. Sandra Addison has lost the usual society and companionship of her husband under these circumstances and prays for judgment for the loss of consortium.

18. As a result of the personal injuries and economic damages set out in the foregoing paragraphs, the plaintiff has been damaged in the sum of at least one million and No/100 Dollars ($1,000,000.00).

19. In addition to compensatory damages, the Plaintiffs ask for punitive damages in an amount to be determined by a jury from the Defendant to punish them and deter other tree climber manufacturers from similar conduct.

20. Plaintiffs demand a trial by jury.

**PRAYER**

**WHEREFORE**, Plaintiffs pray that the defendant A.P.I. Outdoor, Incorporated, be duly cited

to appear and answer this complaint and that upon a final trial of this cause and for the Plaintiffs to recover:

1. Judgment against the Defendant for plaintiffs' compensatory damages as set forth above in the sum of at least one million and No/100 Dollars ($1,000,000.00);

2. Judgment against the Defendant for exemplary damages to punish the Defendant and to deter others from similar conduct;

3. Interest on the judgment at the legal rate from date of judgment;

4. Reasonable attorneys' fees;

5. Costs of the court; and,

6. Such other and further relief to which plaintiff may be entitled.

Respectfully submitted,

BOSWELL, TUCKER & BREWSTER
Attorneys for Plaintiff

By: /s/ Jim Jackson
Jim Jackson
Bryant Center
P. O. Box 798
Bryant, AR  72089-0798
(501) 847-3031

7